**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| TONI STROUD, | ) | |
|         Plaintiff, | ) | |
| vs. | ) | 1:03-cv-1627-SEB-VSS |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
|  of the Social Security Administration, | ) | |
| | ) | |
| | ) | |
|         Defendant. | ) | |

**ENTRY ON PLAINTIFF'S APPLICATION FOR ATTORNEY FEES**

This action for review of the final decision of the defendant Commissioner of the Social Security Administration (the "Commissioner") was concluded in this forum through the entry directing final judgment on March 14, 2005. The plaintiff now seeks the award of attorney's fees.

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Accordingly, the plaintiff's attorney is entitled to fees and expenses, if (1) plaintiff was the prevailing party, and (2) the defendant's position was not substantially justified.

The Commissioner concedes that Stroud is the prevailing party by virtue of having the case remanded to the ALJ, but argues that her position was substantially justified.

The burden of proving substantial justification rests with the Commissioner. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), *reh'g & reh'g en banc denied*; *Smith v. Bowen*, 663 F. Supp. 59, 60 (S.D.Ind. 1987). Under the EAJA as amended the "position" of the United States includes both the underlying administrative

position and litigation position.  28 U.S.C. § 2412(d)(2)(D).  A party's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988).  The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action.  *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994), *reh'g and suggestion for reh'g en banc denied*; *Adams & Westlake, Ltd. v. NLRB,* 814 F.2d 1161, 1167 (7th Cir. 1987) ("This court has held that the position of an agency is substantially justified if it has a reasonable basis in both law and fact.").

     The Commissioner asserts that she was substantially justified because the court remand the action primarily because the ALJ did not adequately articulate his reasoning.  *See Stein v. Sullivan,* 966 F.2d 317, 219-20 (7th Cir. 1992) (required level of articulation is far from precise, and the finding that an ALJ failed to meet the articulation requirement does not necessitate a finding that the Commissioner's position was not justified).  The Commissioner contends that although the court found remand necessary because the state agency saw only a portion of Stroud's medical record, and no other physician or expert offered an opinion regarding Stroud's functional capacity, the Commissioner's position is consistent with regulatory and Seventh Circuit authority.  She argues that whether to seek opinions from medical experts is within the ALJ's discretion, and the Seventh Circuit has found that "the final decision on whether a claimant is disabled or not is a legal one rather than a medical one, and it is for the ALJ to make that decision." *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1990).  The Commissioner adds that her position was reasonably grounded in facts.

     The Commissioner also argues that the substance of the additional evidence offered by Stroud was unrelated to Stroud's claims because it reflected her routine medical care and treatment for transient complaints.  In addition, the ALJ examined the medical and non-medical evidence and took into account nearly all of Stroud's subjective complaints making an updated opinion unnecessary.  Finally, the Commissioner states that there was reasonable connection between the facts alleged and the legal theory propounded by the ALJ.

     In remanding the case, the Court was concerned that the ALJ failed to obtain a comprehensive review of the entire record by the State agency or other medical expert after reviewing the medical records and determining that Stroud had "severe" impairments.  A medical expert or consultant did not offer a medical opinion as to whether Stroud's mental impairment was severe because no records relating to Stroud's depression were reviewed by a medical professional.  This lack of an opinion by medical experts, left the Court without the means to determine exactly what the ALJ concluded about Stroud's severe mental impairment.

     The ALJ also failed to discuss how Stoud's mental condition affected her ability to work an eight hour day, and did not include Stroud's propensity to fall asleep in the hypothetical posed to the vocational expert.  In addition, the ALJ did not support his finding that Stroud could walk up to two hours a day with

substantial evidence in light of the limitation on Stroud's ability to breathe.  The lack of articulation did not allow for the accurate and logical bridge between evidence and result, and did not allow the court to properly review the ALJ's decision.

The Commissioner has not demonstrated how she was substantially justified in supporting the ALJ's decision or the Appeal Council's decision not to consider the argument and evidence before it.  See *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994), *reh'g & reh'g en banc denied*.  In this case, the Commissioner has not met her burden.

The amount of a fee award under the EAJA must be reasonable under the circumstances. 28 U.S.C. § 2412(d)(2)(a) (fees and other expenses under § 2412(d)(1)(a) includes reasonable attorney fees); *see, e.g., Prak v. Chater*, 908 F. Supp. 555, 557 (N.D.Ill. 1995) (denying fee award for hours not reasonably spent on the matter).  Both the rate and the hours sought by the plaintiff's counsel are within these guidelines and the Commissioner does not argue otherwise.   The plaintiff's motion for attorney's fees under the EAJA is **granted.**  The court allows the requested 17.85 hours of attorney time at $147.50 per hour, totaling $2,670.00.  The court will make that award by entry of a separate order immediately, as required by Fed. R. Civ. P. 54(d)(2)C).

**IT IS SO ORDERED**.

Date: 06/09/2005

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana